

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue • Suite 2000 • MS TB 14 • Seattle WA 98104
(206) 464-7744

August 8, 2024

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals of the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94013

RE: *Union Gospel Mission of Yakima v. Ferguson et al.*, No. 23-2606
Argued July 19, 2024

Dear Ms. Dwyer:

Pursuant to Rule 28(j), Appellees advise the Court of the following supplemental authority. At oral argument, the Court repeatedly asked whether Appellees disavow enforcement of the Washington Law Against Discrimination (WLAD) against Union Gospel Mission of Yakima (UGM). The answer is yes: on the facts pleaded by UGM and the exhibits attached to its complaint.

The Court's questioning nonetheless suggested that Appellees' disavowal was not sufficiently absolute, perhaps because it needed to extend beyond the two jobs (IT technician and operations assistant) at issue in UGM's complaint. But, as the Chief Judge for the District of Idaho recently explained, disavowal eliminates Article III injury in a pre-enforcement challenge as long as "Defendants have affirmatively disavowed enforcement as to *these Plaintiffs under the specific parameters of this case*." *Idaho Fed'n of Tchrs. v. Labrador*, No. 1:23-cv-00353-DCN, 2024 WL 3276835, at *12, *15 (D. Idaho July 2, 2024) (emphasis original).

In *Idaho Federation of Teachers*, plaintiffs sued Idaho Attorney General Labrador in a pre-enforcement challenge to Idaho's statutory prohibition on speech that supports abortion by a public employee. *Id*. at *1. Labrador disavowed

ATTORNEY GENERAL OF WASHINGTON

Molly C. Dwyer
August 8, 2024
Page 2

enforcement on the facts presented by the plaintiffs, but plaintiffs nonetheless sought to continue the litigation. The court concluded that Labrador's disavowal was sufficient, despite the fact "Defendants noted at oral argument that their analysis was *specific* to this case" and "only addressed the contours of Plaintiffs['] allegations here, not other hypotheticals." *Id*. at *11 (emphasis original). "Without a live case or controversy," the court "must stay in its lane and dismiss this suit." *Id*. at *1.

This case is no different. Appellees disavow enforcement as to ministers, and concede that, based on the facts as UGM pleaded them, the IT technician and operations assistant are ministers who "minister to members of the public." Answering Br. 42. Appellees have no crystal ball and cannot know whether UGM may someday act inconsistently with the representations in its complaint and exhibits. But as we sit here today, UGM faces no credible threat of enforcement. As a result, as UGM's counsel put it at oral argument, we can "all go home."

Respectfully submitted,

/s/ Daniel J. Jeon
Daniel J. Jeon
*Counsel for Defendants-Appellees*